UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEWIS GENE FREEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1;15-cv-01799-TWP-MJD |
| | ) |
| FCA US LLC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT FCA US LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Defendant FCA US LLC ("FCA") hereby moves to dismiss the above-captioned Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted.

## I. INTRODUCTION

Plaintiff asserts that FCA committed acts of patent infringement by having suppliers make products for it. FCA, however, holds a royalty-free license to Plaintiff's patents that expressly granted FCA the right to have third parties make products for it. Plaintiff also asserts that FCA breached the license agreement because it has not enforced the patents against third parties. The license agreement, however, gives FCA the *opportunity* to enforce the patents, but it does not require FCA to take any action. FCA's rights are indisputable from the documents submitted with the Complaint. Accordingly, the Complaint fails to state a claim upon which relief can be granted and should be dismissed.

## II.     BACKGROUND

According to the Complaint, the Plaintiff retired in 1991 following a career as a salary tool and process engineer at the Chrysler Corporation, Kokomo Die Casting Plant. Plaintiff entered into a licensing agreement with Chrysler Corporation effective May 1, 1994 regarding certain of his inventions for die cast vacuum valve systems, filters and, vent/filer blocks ("the Agreement"). Complaint Exh. 1 at 1.[1] Pursuant to the terms of the Agreement, Chrysler Corporation filed, prosecuted, and obtained patent protection for Plaintiff's inventions. *Id.* at 2; *see also* Complaint Exh. 4. Over the years, Chrysler Corporation went through various changes in ownership and name. In 2009, the then-existing entity, Chrysler LLC, filed for bankruptcy protection. Defendant FCA acquired assets of Chrysler LLC and is the assignee of the Agreement following the bankruptcy of Chrysler LLC.[2]

For years prior to this lawsuit, Plaintiff communicated with various employees or representatives of FCA regarding Plaintiff's allegations concerning the license agreement and his licensed inventions. Each time, FCA explained how its actions did not violate the Agreement or the patent laws. Complaint Exhs. 3, 4, 5, 7, 9,   For example, Plaintiff alleged that the Agreement only permitted certain FCA-owned facilities to utilize his inventions. Complaint Exh. 6 at 1-2. Yet, Section 3 of the Agreement grants FCA a royalty-free, irrevocable, world-wide, non-exclusive license to make, have made, use and sell produced embodying or producing using the Licensed Inventions for its vehicles. Complaint Exh. 1 at Sec. 3. FCA explained to

---

[1] The Exhibit citations in this document refer to the Exhibit numbers as attached to Plaintiff's Complaint.
[2] There is no dispute that FCA is the assignee of the Agreement. Section 13 of the Agreement states "This Agreement shall be binding upon and inure to the benefit of the heirs, legal representatives, successors and assigns of the parties hereto." Complaint Exh. 1 at Sec. 13.

Plaintiff that this meant FCA has the right "to make products themselves and also to have products made for them by suppliers." Complaint Exh. 9 at 1.

Plaintiff filed the present lawsuit and requested an appointment of counsel in November 2015.[3]  The Complaint and accompanying documents assert two potential causes of action: breach of contract and patent infringement.  The facts as pled, however, legally fail to support any claim for relief.

### III.  LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  Dismissal is appropriate if . . . it appears beyond doubt that the plaintiff can prove no set of facts that would entitle her to relief." *Bowers v. Fédération Internationale de L'Automobile*, 489 F.3d 316, 320 (7th Cir. 2007); *Hickey, III v. O'Bannon*, 287 F.3d 656, 657 (7th Cir. 2002).

Because contract interpretation is a matter of law, interpretation of a contract is generally suitable for disposition on a motion to dismiss for failure to state a claim upon which relief can be granted.  *See Bowman v. Int'l Bus. Machines Corp.*, 853 F.Supp.2d 766, 771–72 (S.D. Ind. 2012) (dismissing plaintiff's Complaint for breach of contract).  In ruling on a motion to dismiss,

---

[3] FCA does not oppose Plaintiff's request for an appointment of counsel.

the Court may consider written documentation that was submitted as exhibits as though it was part of the operative pleading itself. *See U.S. v. Wood,* 925 F.2d 1580, 1582 (7th Cir. 1991); *JMB Mfg, Inc. v. Child Craft, LLC*, No. 4:11-cv-0065, 2012 WL 1326158 (S.D. Ind. Apr. 17, 2012) (citing Fed. R. Civ. P. 10(c)). "[W]here the allegations of a pleading are inconsistent with the terms of a written contract attached as an exhibit, the terms of the latter, fairly construed, must prevail over the averments differing therefrom." *Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 529 (7th Cir. 1999) (quoting *Graue Mill Dev. Corp. v. Colonial Bank & Trust Co.*, 927 F.2d 988, 991 (7th Cir.1991)).

Where a contract is unambiguous, the Court must "give effect to the intentions of the parties as expressed in the four corners of the document." *Evan v. Poe & Assoc., Inc.,* 873 N.E.2d 92, 98 (Ind. Ct. App. 2007) (internal citations and quotations omitted). A controversy between the parties concerning the proper interpretation of contract terms does not necessarily indicate that the terms are ambiguous. *Kiltz v. Kiltz*, 708 N.E.2d 600, 602 (Ind. Ct. App. 2007).

## IV. ANALYSIS

Plaintiff's allegations are based on a misunderstanding of the language and/or legal import of the Agreement.[4] Although not specifically articulated in the Complaint, the underlying documents reference two claims against the Defendant: (1) FCA is using components (made by others) that allegedly practice or are made by practicing his patented inventions, and (2) FCA has refused to sue its suppliers or other third parties who Plaintiff believes are infringing his patents. As shown below, however, neither of these allegations can justify a claim for relief. The

---

[4]Although Plaintiff indicates he did not have counsel assist him with the Complaint, he indicated that he did have counsel to assist him with the Agreement. Complaint Exh. 6 at 2. ("This Agreement was prepared many years ago between the Chrysler Corporation legal staff and my lawyer.").

4

Agreement provides FCA with the right to use patented components, including the right to have such components made for it. Likewise, the Agreement provides FCA the opportunity, but not the requirement, to enforce the Plaintiff's patents against others. Thus, even if the facts alleged are true, Plaintiff is unable to prove FCA breached the Agreement or committed any acts of patent infringement.

### A. AS A MATTER OF LAW, THE COMPLAINT FAILS TO STATE A CLAIM FOR PATENT INFRINGEMENT

The Complaint should be dismissed because its claim for patent infringement against FCA is facially wrong. The pleading itself establishes that FCA holds a license to Plaintiff's patents. In patent cases, a defendant who holds a license that allows them to practice the patented invention cannot be liable for patent infringement. *See, e.g., De Forest Radio Tel. Co. v. United States*, 273 U.S. 236, 241, 47 S.Ct. 366, 367, (1927).

> Section 3 of the Agreement attached to the Complaint provides:
>
> FREEMAN grants to CHRYSLER, its controlled companies, affiliates and subsidiaries in which CHRYSLER owns or controls over fifty per cent (50%) of the voting stock, a royalty-free, irrevocable, world-wide, non-exclusive license to make, have made, use and sell products which embody or are produced by the Licensed Inventions for CHRYSLER products and vehicles, including without limitation the repair and service thereof.

Complaint Exh. 1 at Sec. 3.

Plaintiff alleges that FCA must "pay the plaintiff a royalty (to plaintiff) for each casting produced by outside vendors while using the plaintiff's patented vacuum valves and other patented inventions to produce the parts." Complaint at 2.[5] Yet the Agreement

---

[5] Plaintiff has in the past explained his belief: "Chrysler does not have the right to – make or sell the licensed inventions to anyone except another Chrysler owned facility (50%-plus voting stock) who must meet the above ownership specifications…" Complaint Exh. 6 at 1-2. But Plaintiff's belief is flatly contradicted by the language of the Agreement. The ownership

5

permits FCA—and its affiliates and Chrysler-controlled companies—to "make, have made, use and sell products which embody or are produced by the Licensed Inventions." Complaint Exh. 1 at 1. These rights, including the right to "have made" are unqualified. FCA may make the products itself, or contract with any third party to have the products made for it, without limitation.

Accordingly, from the plain text of the Agreement, FCA has a full, "royalty free" license to practice the inventions and to have others make products under the patents for it. FCA cannot as a matter of law be liable for patent infringement. Where, as here, a defense is unambiguously present from the pleadings, it is appropriate for the court to grant judgment and "properly dismiss a case before discovery." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (citing *Brooks v. Ross,* 578 F.3d 574, 579 (7th Cir. 2009)).[6] This is true even if the Plaintiff pleads allegations inconsistent with the written document that presents the defense. *Ogden Martin Sys.*, 179 F.3d at 529.

### B. AS A MATTER OF LAW, THE COMPLAINT FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT

Reading the Complaint in the light most favorable to the non-movant, it potentially alleges a claim for breach of contract either because (1) FCA is using the Plaintiff's invention at multiple die casting facilities (including those in Mexico) or (2)

---

statement in the Agreement is describing who receives the license, not who may make components for the licensed entities.

[6] In *Brownmark*, the Seventh Circuit Court of Appeals noted a preference for handling dismissals based on affirmative defenses under Rule 12(c) because an affirmative defense is typically "external to the Complaint." *Id.* The Court also noted, however, that it had affirmed such dismissals under Fed. R. Civ. P. 12(b)(6). In this case, all necessary facts to establish FCA's affirmative defense are present in the documents filed with the Complaint, making a responsive pleading unnecessary. *See, e.g., Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 529 (7th Cir. 1999).

FCA has not enforced Plaintiff's patents against third parties, despite Plaintiff's requests. The plain text of the Agreement makes clear that FCA's activities (even if accepted as alleged in the Complaint) do not give rise to a cause of action for breach of contract. Therefore, the Complaint must be dismissed.

With regard to FCA's use of the patents, the Complaint alleges that "Chrysler Corporation initially agreed to use Plaintiff's patented inventions in only Chrysler Corporation die casting facilities…which to the Plaintiff's knowledge consists of only two (2) facilities." Complaint at 2. The Agreement, however, does not limit FCA's use of the licensed products. To the contrary, the license granted to FCA is expressly "world-wide." Complaint Exh. 1 at Sec. 3. Thus, FCA's use of licensed products at more than two die casting facilities (even if originally made by a supplier) is not actionable.

Plaintiff also incorrectly complains that FCA has been unwilling to enforce Plaintiff's patents when "plaintiff would point out a possible infringer." Complaint at 3. Under Section 10 of the Agreement, FCA has the option—but not the obligation—to enforce Plaintiff's patents. That Section provides:

> Upon consultation with FREEMAN, and with FREEMAN'S authorization and consent and in FREEMAN'S name, CHRYSLER may sue infringers during the term of any patent that issues from the Applications within a ninety (90) day period after notification by FREEMAN of such infringement.… At the end of the ninety (90) day period FREEMAN has the sole right to sue infringers during the term of any patent that issues from the Applications.

Complaint Exh. 1 at Sec. 10. Although FCA "may sue infringers," it is not required to do so under the unambiguous language of the Agreement. *Id.* Indeed, the Agreement articulates what happens if FCA chooses not to enforce the patents at the end of the ninety day notification period: "FREEMAN has the sole right to sue infringers during the

7

term of any patent." *Id.* FCA's unwillingness to enforce Plaintiff's patents is not actionable.

**V.     CONCLUSION**

For the reasons set forth herein, FCA respectfully moves the Court to grant its motion to dismiss Plaintiff's Complaint.

March 7, 2016                                             /s/ T. Allon Renfro
                                                          P. Stephen Fardy
                                                          T. Allon Renfro
                                                          Swanson, Martin & Bell, LLP
                                                          330 North Wabash – Suite 3300
                                                          Chicago, Illinois 60611
                                                          (312) 321-9100
                                                          (312) 321-0990 (fax)
                                                          sfardy@smbtrials.com
                                                          trenfro@smbtrials.com

## **CERTIFICATE OF SERVICE**

      I, the undersigned attorney, on oath, state that I filed the following electronically, Defendant's Memorandum of Law in Support of Its Motion to Dismiss, and served it on the below listed parties by U.S. Mail on March 7, 2016:

Lewis Gene Freeman
1509 Pontiac Drive
Kokomo, Indiana 46902


                                          */s/ T. Allon Renfro*
                                          One of the attorneys for the Defendant